ANSTEAD, Judge,
concurring specially.
I concur in the affirmance of the trial court’s order granting the motion to suppress and do so because I believe the record supports the trial court’s findings of *757 fact and conclusions of law set out in the order:
On August 6, 1986, the Defendant was seated in a Greyhound bus parked in the West Palm Beach Bus station when she was approached by two Palm Beach County Sheriff Deputies, Deputies Terry Marvin and Dale Allen. As part of their duties with the smuggling unit of the Sheriff’s Office, Marvin and Allen would board northbound buses for the purpose of obtaining passengers’ consent to search their carry-on baggage.
Deputy Marvin testified that he initiated conversation with Defendant and asked her if she would consent to a search of her duffle bag. Deputy Marvin testified that he obtained oral consent; a written consent to search form was not used. Defendant was not advised she had the right to refuse consent.
By stipulation of counsel, part of Deputy Allen’s deposition was to be heard and considered by the court on the Motion to Suppress. Deputy Allen stated in deposition that Deputy Marvin had asked Defendant if she “minded” if he searched her bag and that her answer was “yes, sure.” This would make the facts of this case almost indistinguishable from those in State v. Kassidy, 495 So.2d 907 (Fla. 3d DCA 1986) (no consent when Defendant asked “Do you mind if I search?” Defendant answered, “yeah.”); and Robinson v. State, 388 So.2d 286 (Fla. 1st DCA 1980) (“Do you mind if I pat you down?” “Sure.”)
Even assuming the Defendant consented to the search, that consent must be voluntary and not the product of coercion. The prospect of being a seated passenger on a commercial public transportation vehicle and seeing police officers come on board with their badges prominently displayed checking each passenger is an intimidating and coercive situation in and of itself.
I find that even if consent was given in this case it was coerced by the situation I have just described.
The Motion to Suppress is Granted,